IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASCENDA BIOSCIENCES, LLC<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PERRY LITTLE,<br><br>　　　　Defendant,<br><br>　v.<br><br>THE STRATEGIC GROUP, P.R. AND PROVISTA DIAGNOSTICS, INC.,<br><br>　　　　Counter-Defendants. | Civil Action No. 20-cv-278-RGA |

<u>MEMORANDUM ORDER</u>

Before me is Counter-Defendant Strategic Group, P.R., LLC's motion to dismiss the counterclaims against it pursuant to Rule 12(b)(2) & (5). (D.I. 23). Counter-Plaintiff Little opposes this motion. (D.I. 25). For reasons set forth below, I grant Counter-Defendant's 12(b)(2) motion.

**I.　　BACKGROUND**

Plainitff Ascenda Biosciences, LLC, filed this action against Defendant Perry Little in the Court of Chancery of the State of Delaware on January 17, 2020. (*See* D.I. 1, Ex. 1). Mr. Little removed the action to this Court on February 25, 2020. (D.I. 1 ¶ 7). In his Answer, Mr. Little made counterclaims of defamation, false light invasion of privacy, and tortious interference with prospective business relations against Ascenda, The Strategic Group, P.R., and Provista Diagnostics, Inc. (*See* D.I. 3). Mr. Little contends that "Plaintiff and Counter-Defendants published the Verified Complaint for Injunctive Relief to media representatives such as

1

Bloomberg Law, Life Sciences iPreview, Muck Rack, and Convergenceapi.bna.com, which had no connection to the legal proceeding." (*Id*. ¶ 144).  Strategic Group is a Puerto Rican entity with corporate offices in Dorado, Puerto Rico.  (D.I. 23 ¶ 12).  Strategic Group is the sole owner of both Ascenda and Provista, which are incorporated in Delaware.  (D.I. 3 ¶ 140).  Mr. Little is a resident of Georgia.  (D.I. 1, Ex. 1 ¶ 12).

Mr. Little attempted to serve Strategic Group at its corporate offices in Dorado, Puerto Rico, but was not successful.  (D.I. 23 ¶ 3; *see also* D.I. 20).  Mr. Little then asked counsel for Ascenda and Provista if he would accept service on behalf of Strategic Group.  (D.I. 20 at 2).  However, counsel stated he did not have an attorney-client relationship with Strategic Group and he was not an agent of the company.  *Id*.  Mr. Little served counsel anyway on June 10, 2020.  (D.I. 23 ¶ 5; D.I. 21).  Strategic Group now seeks to dismiss the counterclaims against it by asserting improper service and lack of personal jurisdiction.  (D.I. 23).

This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

**II.    DISCUSSION**

A.  Personal Jurisdiction

"Pursuant to Rule 4(k) of the Federal Rules of Civil Procedure, 'a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.'"  *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (quoting *Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987)).  Under Delaware law, a plaintiff bears the burden of showing the basis for the court to exercise jurisdiction over a nonresident defendant.  *Jacobson v. Ronsdorf*, 2005 WL 29881 at *3 (Del. Ch. Jan. 6, 2005), *aff'd*, 906 A.2d 807 (Del. 2006).  Bringing in a new party via a third party complaint requires the same jurisdictional analysis as if it were a stand-alone complaint.

*See Joint Stock Soc. Trade House of Descendants of Peter Smirnoff, Official Purveyor to the Imperial Court v. Heublein, Inc*., 936 F. Supp. 177, 191-92 (D. Del. 1996) (applying the same two-step personal jurisdiction analysis used for a stand-alone complaint to a new party brought into the litigation via a third party complaint).

To determine whether the Delaware courts can obtain personal jurisdiction over a nonresident, a two-step analysis is applied: (1) the court must consider whether the Delaware Long Arm Statute applies, (2) and evaluate whether subjecting a defendant to jurisdiction in Delaware violates the Due Process Clause of the Fourteenth Amendment. *See LaNuova D & B, S.p.A. v. Bowe Co*., 513 A.2d 764, 768 (Del. 1986).

Delaware's long-arm statute, in relevant part, authorizes service of process over a nonresident defendant that: (1) transacts any business or performs any character of work or service in the State; (2) contracts to supply services or things in this State; (3) causes tortious injury in the State by an act or omission in this State; (4) causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State. 10 *Del. C*. § 3104(c).

"If the plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A*., 318 F.3d 446, 456 (3d Cir.2003) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992)). A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery. *Belden Techs., Inc. v. LS Corp.*, 626 F.Supp.2d 448, 459 (D. Del. 2009).

Mr. Little advances several arguments to explain why this Court has personal jurisdiction over Strategic Group. (D.I. 25). Mr. Little notes that Ascenda is owned by Strategic Investment Holdings, which is owned and controlled by Strategic Group. (*Id.* ¶ 35). He further alleges that Strategic Group, Ascenda, and Provista "are totally integrated in terms of management, control, operation." (*Id.* ¶ 41; D.I. 3 ¶ 39). First, Mr. Little "contends that [Strategic Group] is subject to personal jurisdiction in this Court, based upon the conspiracy theory." The conspiracy theory allows jurisdiction over a conspirator absent from the forum state if: (1) a conspiracy to defraud existed; (2) the defendant was a member of that conspiracy; (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state; (4) the defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state; and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy. *Istituto Bancario Italiano v. Hunter Engineering Co., Inc.*, 449 A.2d 210, 225 (Del. 1982).

Mr. Little next argues that Strategic Group is subject to this Court's jurisdiction because Ascenda and Provista are "merely agents" of Strategic Group. (D.I. 25 ¶ 44). Thus, Mr. Little argues Strategic Group should be held responsible because they direct and control the activities of Ascenda and Provista. *Id.* Mr. Little also argues § 3104(c)(1) should apply because Strategic Group transacts business in the state by owning several Delaware entities that include Ascenda and Provista. (*Id.* ¶ 49). Mr. Little further contends that TSG initiated this Delaware litigation and by doing so has subjected itself to personal jurisdiction within the state. (*Id.* ¶ 48).

Strategic Group contends that the Counterclaim "lacks any claims demonstrating any of these minimum contacts between" the company and Delaware. (D.I. 23 ¶ 19). Strategic Group emphasizes that the alleged action that gave rise to the counterclaims was the sending of the

Complaint to media outlets, which would have occurred from Puerto Rico, not Delaware. (D.I. 26 ¶ 11). For the conspiracy theory, Strategic Group argues that "there is simply no reference at all in the Counterclaim to a conspiracy or allegations [ ] to support such a theory." (*Id*. ¶ 13). Strategic Group also argues that even if it was in complete control of Ascenda and Provista, "Mr. Little cannot escape the fact that the Counterclaim fails to allege that the illegal action of publishing the Verified Complaint to the websites occurred in Delaware that would allow this Court to exercise personal jurisdiction over Strategic Group, P.R." (*Id*. ¶ 16). Strategic Group also argues § 3104(c)(1) does not apply because "Mr. Little cannot and has not alleged any facts in the Counterclaim that Strategic Group, P.R. transacted business in the State of Delaware or that the alleged publishing of the Verified Complaint to websites occurred in the State." (*Id*. ¶ 21).

I am not persuaded by any of Mr. Little's arguments about this Court's personal jurisdiction over Strategic Group.

First, Mr. Little has not alleged any facts that would demonstrate a conspiracy between the parties or that a "conspiracy to defraud existed." *See Istituto Bancario Italiano,* 449 A.2d at 225. His allegations are defamation, false light invasion of privacy and tortious interference with contract. He alleges neither a conspiracy nor anything involving fraud.

Second, the agency theory fails because Mr. Little's conclusory statement that Strategic Group, Ascenda, and Provista "are totally integrated in terms of management, control, operation" is insufficient to show "control by the parent to such a degree that the subsidiary has become its mere instrumentality." *Akzona Inc. v. E.I. du Pont de Nemours & Co*., 607 F. Supp. 227, 237 (D. Del. 1984). Even complete ownership along with some degree of overlap between management is not enough to succeed under the agency theory. *Id*. at 237-38 (explaining that even though

complete ownership and management overlap existed, the agency theory failed because the subsidiary "independently handled routine, day-to-day operations, maintained separate books and had significant rights and obligations apart from its parent"). Nonetheless, were this all, I might, as requested, permit jurisdictional discovery to flesh out the relationship between Strategic Group and its subsidiaries. *See Toys "R" Us, Inc.*, 318 F.3d at 456. However, there is another reason why jurisdictional discovery would be futile.

Third, even if Ascenda and Provista were "mere" agents of Strategic Group, the Court still would not have jurisdiction over Strategic Group. "[E]xistence of a principal/agent relationship between two corporations does not obviate the necessity of satisfying the requirements of the Delaware long-arm statute." *Applied Biosystems, Inc. v. Cruachem*, Ltd., 772 F. Supp. 1458, 1463 (D. Del. 1991). The long-arm statute does not apply here because § 3104(c) requires that "the wrong alleged must arise from the 'acts enumerated.'" *Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Prods.*, *Inc.,* 1991 WL 129174 at *2 (Del. Ch. July 10, 1991). Here, the alleged wrong is the act of mailing the Complaint to various media outlets. (*See* D.I. 3 ¶ 144). Mr. Little, a Georgia resident, has not alleged any of the companies mailed the Complaint from Delaware or any of the effects of this action were felt in Delaware.

Further, § 3104(c)(1) and (2) of Delaware's long-arm statute do not apply directly to Strategic Group. Mr. Little does not allege any business conducted by Strategic Group itself in Delaware. However, he alleges the requisite contacts are formed from the ownership of Ascendia and Provista. (D.I. 23 ¶ 49). This argument fails because § 3104(c) requires that "the wrong alleged must arise from the 'acts enumerated.'" *Red Sail Easter Ltd. Partners,* 1991 WL 129174 at *2; *see also Outokumpu Engineering Enterprises, Inc. v. Kvaerner Enviropower, Inc*., 685 A.2d 724, 727-29 (Del. Super. 1996). Here, the wrong alleged does not have anything to do

with Strategic Group's ownership of Ascenda or Provista. Thus, § 3104(c)(1) and (2) do not apply directly to Strategic Group. Given that Strategic Group's alleged action of sending of the Complaint to various media outlets likely occurred in Puerto Rico, and is not alleged to have occurred in Delaware, and that Mr. Little is not a Delaware resident, § 3104(c)(3) & (4) do not apply directly to Strategic Group as well.

While Mr. Little also argues that Strategic Group availed itself of the jurisdiction of this Court by filing the Complaint in Delaware, Ascenda, not Strategic Group, filed the Complaint. (*See* D.I. 1). Thus, I grant Strategic Group's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. It is therefore unnecessary to discuss the improper service allegation.

B. Attorney's Fees

Strategic Group contends that it is entitled to attorney's fees and costs due to Mr. Little's bad faith. Under the American Rule, "courts do not award attorneys' fees to a prevailing party absent some special circumstance." *Arbitrium (Cayman Islands) Handels AG v. Johnston*, 705 A.2d 225, 231 (Del. Ch. 1997), *aff'd*, 720 A.2d 542 (Del. 1998). One such circumstance includes "cases where the court finds that the litigation was brought in bad faith or that a party's bad faith conduct increased the costs of litigation." *Id*.

Strategic Group argues that Mr. Little has "knowingly and purposely taken actions to try to improperly force" Strategic Group to defend against the counterclaims. (D.I. 23 ¶ 24). Strategic Group asserts that Mr. Little "ignored a plain reading of the statute" by serving counsel instead of serving Strategic Group directly at their headquarters. *Id*.

I do not find that Mr. Little's actions here rise to the level of bad faith necessary for an award of attorney's fees. Even though counsel denied being an agent for Strategic Group, Mr. Little provided the Court with several emails that evidence why he was under the impression

7

counsel was acting as its agent. (*See* D.I. 25, Ex. 1-5). The fact that Mr. Little's argument failed does not demonstrate bad faith. Thus, I do not grant Strategic Group's request for attorney's fees and costs.

### III. SUMMARY

Strategic Group's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction (D.I. 23) is **GRANTED**. Strategic Group's request for attorney's fees is **DENIED**.

IT IS SO ORDERED this 4th day of August 2020.

                                                 /s/ Richard G. Andrews
                                                United States District Judge